## MAYS *et al.* *v.* CITY OF JACKSON *et al.*

Authority is vested in the mayor and aldermen of the City of Jackson, under its charter, to provide for the registration of voters prior to any municipal election.  An election on the question of issuing school bonds was held without providing any system of registration; and therefore no means existed for determining whether two thirds of the qualified voters did in fact cast their votes in favor of the issuance of the bonds.  The judgment of the trial court validating the issuance of such bonds was erroneous.

No. 495.   JANUARY 16, 1918.

Validation of municipal bonds.  Before Judge Searcy.  Butts superior court.  June 18, 1917.

*W. E. Watkins* and *H. M. Fletcher,* for plaintiffs in error.

*C. L. Redman,* contra.

GILBERT, J.  "The policy of the law of this State is, and has been since the adoption of the present constitution, opposed to the incurring of debts by towns and cities; and it has therefore be-

come the settled rule that all laws in reference to the course to be followed by the public authorities in obtaining consent to contract a debt in behalf of the taxpayers are to be strictly construed, and the consent of the taxpayers is never held to have been given in any case unless the requirements of the law providing the manner in which the debt shall be incurred have been strictly complied with in every material particular." *City of Thomasville* v. *Light Co.,* 122 *Ga.* 399, 401 (50 S. E. 169). One of the requisites to a valid issuance of bonds is that the same be assented to by two thirds of the qualified voters of the municipality desiring to incur the bonded indebtedness. It is essential that those voting shall be legally qualified to do so; and whether they are so qualified must be determined in the manner provided by law. Where legislative provision has been made for registration of voters, such registration is to be considered in determining that question. In the absence of such provision, the tally-sheets of the last general election shall be taken as the correct enumeration. *Richter* v. *Chatham County,* 146 *Ga.* 218 (91 S. E. 35). "If the municipality has. been invested by the legislature with authority to put a system of registration in force, and an election is held without having provided a system of registration, no means of determining whether two thirds of the qualified voters did in fact cast their votes for bonds exists." *Floyd County* v. *State,* 112 *Ga.* 794, 801 (38 S. E. 37).

The act of the General Assembly creating the new charter for the City of Jackson (Acts 1908, p. 805) contains the following: "Said mayor and aldermen shall have power and authority to provide for the registration of voters prior to any municipal election in said city;" etc. The words "any election" are sufficiently broad to include elections for the issuance of bonds. *Mayor &c. of Decatur* v. *Wilson,* 96 *Ga.* 251 (23 S. E. 240). Under the agreed statement of facts in this case it appears that the municipal authorities of the City of Jackson have made no provision for registration as authorized by the charter of the city; and therefore no means existed for ascertaining the number of qualified voters authorized to participate in the election held for the purpose of determining the bond issue in question. The judgment of the court validating said bonds was erroneous.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*