[Civil No. 2106. Filed October 4, 1922.]

[209 Pac. 296.]

## L. O. COWAN, Recorder and Ex-Officio City Clerk of the City of Tucson, Appellant, v. CITY OF TUCSON, a Municipal Corporation, Appellee.

MUNICIPAL CORPORATIONS — BONDS HELD NOT INVALIDATED, THOUGH CALL FOR ELECTION DID NOT SHOW AMOUNT TO BE EXPENDED FOR BUILDING SITES AUTHORIZED.—That the call for an election to vote bonds for the purchase of sites and for the erection of an isolation hospital and a substation to the fire department did not state the amount to be expended in the purchase of building sites, as required by Civil Code of 1913, paragraph 5282, did not invalidate the bonds issued in pursuance of the election, where the call contained all the matters required by paragraph 5273.

APPEAL from a judgment of the Superior Court of the County of Pima. Samuel L. Pattee, Judge. Affirmed.

Mr. A. O. Bray, for Appellant.

Mr. Ben C. Hill, for Appellee.

FLANIGAN, J.—This is a "friendly suit" in *mandamus*, brought by appellee, city of Tucson against appellant, Cowan, recorder and *ex-officio* city clerk of said city, to compel the execution by appellant of certain bonds authorized by proceedings of the mayor and common council of the city and an election held for that purpose. These proceedings were taken under the provisions of chapter 2 of title 52 of the Civil Code of 1913, and the obligations were authorized for three distinct purposes, stated in the ordinance calling the election as:

(1) Emergency water improvement bonds . . . in the sum of $65,000 . . .
concerning which no question is made.

(2) Fire department improvement bonds, city of Tucson, for the purpose of enlarging the fire depart-

ment of the city of Tucson, increasing the equipment and the establishment of a substation, the purchase of a site therefor, and the construction and equipment of a building therefor, said bonds to be issued to the amount of $75,000.

(3) Isolation hospital bonds, city of Tucson, for the purpose of the erection and equipment of an isolation hospital and the purchase of a site therefor, said bonds to be issued to the amount of $18,000.

The votes upon the proposals were as follows: On the emergency water improvement bonds, 212 in favor and 89 against; on the fire department improvement bonds, 201 in favor and 96 against; on the isolation hospital bonds, 208 in favor and 92 against. The bonds were offered for sale, and bids therefor received and accepted. Upon tender of the two latter issues to the city clerk for signature, he refused to sign the same, or to affix thereto the official seal of the city, upon the ground that the call for the election did not state, as required by paragraph 5282 of the Civil Code of 1913, the proportion of the total amount of the funds to be derived from such issues which should be expended in the purchase of the building site or sites. The relevant part of the paragraph referred to is as follows:

"In the event that it shall be deemed necessary in conjunction with the erection of the buildings herein mentioned to purchase a building site or sites, the call for the election shall state the proportion of the total amount of the fund to be derived from the issuance and sale of bonds or other evidences of indebtedness which shall be expended in the purchase of such building site or sites."

It is alleged in the complaint that, after the receipt of bids for the purchase of the bonds in question, the mayor and common council of the city of Tucson adopted a resolution to the effect that they deemed it unnecessary to use any part of the proceeds from

the sales of the bonds for the purchase of sites, and that it was the intention of that body to construct and erect the fire department substation and the isolation hospital upon suitable sites already owned by the city. The court held that the complaint stated a cause of action and entered judgment accordingly.

On this appeal the objection adverted to is the basis of the only error assigned. No question is made of the power of the city to issue the bonds if the statutory requirements have been met. Paragraph 5273 of the Civil Code of 1913 specifically prescribes what shall be set forth in the call for the election to determine whether these bonds should be issued, modified only by the latter portion of paragraph 5282 which we have quoted. The call for the election in this case contained all the matters required by paragraph 5273, and in addition the statement that the purpose of the issuance of the bonds was, amongst other things, to acquire building sites, without setting forth the proportions of the moneys to be derived from the issuance of the bonds to be devoted to such purchases. It was the opinion of the court below, and is our opinion, that the object of the provision requiring the statement of the amount or proportion to be devoted to the purchase of sites was to fix the maximum sum which could be used for such purposes. While there can be no doubt that by the failure to set forth such proportions no authority was conferred to use any part of the moneys derived from the sale of the bonds for the purchase of sites, and that a taxpayer would have the right to prevent their expenditure for such objects, it does not follow that the issues are thereby totally invalidated. There is no suggestion of bad faith, intentional concealment, or misrepresentation of facts on the part of the mayor and common council, and it does not appear that the voters were in fact misled, or that the result would have been different had the law been complied with.

We think, therefore, that the bonds should be held good for the other purposes contemplated in the call as integral parts of the unified schemes, and that the failure to comply with the statute under the circumstances should be regarded as a mere irregularity, not affecting the validity of the issues. *Howard* v. *Luke,* 18 Ariz. 563, 164 Pac. 439; *Gracen* v. *City of Savannah,* 142 Ga. 141, 82 S. E. 453.

The judgment will therefore be affirmed.

ROSS, C. J., and McALISTER, J., concur.