ALEXANDER *v.* FULTON COUNTY *et al.*

No. 15655.   JANUARY 7, 1947.   REHEARING DENIED FEBRUARY 7, 1947.

858

H. A. Alexander, for plaintiff in error.

E. Harold Sheats, E. E. Andrews, Solicitor-General, W. S. Northcutt, Spalding, Sibley, Troutman & Kelley, and James A. Branch Jr., contra.

JENKINS, Chief Justice. The Constitution of 1945, not only by implication because of its wholly exhaustive treatment of the subject-matter, but also by the express language embodied in section one repeals the entire Constitution of 1877 and all amendments thereto. There are exceptions made later, one of which (article VII, section X, paragraph I) declares as follows: "Amendments to the Constitution of the State of Georgia of 1877 in effect at the date of the ratification by the voters of the State, of this Constitution, shall continue of full force and effect after the ratification of this Constitution, where such amendments are of merely local and not general application."

The local Fulton County amendment here involved can not be given effect as being of itself a new Constitution of the State of Georgia. If effective at all, it manifestly must operate as a constitutional amendment. As we construe together the new Constitution of 1945 and the simultaneous local amendment to the Constitution of 1877, the local amendment can not be preserved as a valid continuing amendment to the Constitution of 1877, and therefore brought forward as a part of the Constitution of 1945. It never became a part of the Constitution of 1877 for the reason that, at the very time it was ratified by the people, the old Constitution and all of its amendments, except as otherwise expressly provided, vanished into thin air. There was nothing left to which the amendment, as an amendment, could adhere. See Lampkin v. Pike, 115 Ga. 827 (42 S. E. 213, 90 Am. St. R. 153). If born at

all, it was still-born. Had the local amendment already become a part of the Constitution of 1877, that is, had it been "in effect at the date of the ratification by the voters of the State" of the new Constitution, a different rule would obtain under the provision of the new Constitution above quoted.

Nor can the local amendment be given effect by being treated as a direct amendment to the Constitution of 1945. This is true for the reason that the amendment does not purport to be and was not ratified as an amendment to the new Constitution, but plainly and in terms sought to amend the Constitution of 1877.

Both the local amendment to the Constitution of 1877 and the new Constitution of 1945 were simultaneously submitted to the people, without it being possible to know which, if either, would be ratified by the people. Both were in fact ratified. Had the new Constitution failed, the amendment to the old Constitution would undoubtedly have become effective as an amendment to the old Constitution, and this illustrates the point that, since the new Constitution did not fail, but abolished the old Constitution which the amendment sought to alter, the amendment, like the old Constitution, must give way to the all-inclusive new Constitution. We say all-inclusive because such local amendments as were already in effect when the new Constitution was ratified were by the terms of the new Constitution brought forward as a part thereof. Construing the two together, that is, the local amendment to the Constitution of 1877 and the new Constitution of 1945, it will be seen that, while the local amendment takes no cognizance whatever of the new Constitution, the new Constitution speaks for itself, and by its terms expressly nullifies and excludes all amendments to the old Constitution save and except such local amendments as were already in effect at the date the new Constitution was ratified. Therefore it would seem unnecessary to deal with the legal principles involved in the construction of contemporaneous but contradictory documents or laws, since it appears that the proper construction has already been made for us by the new Constitution itself, which by its own terms seeks to be altogether comprehensive in scope, save and except as to local amendments to the old Constitution *already in effect,* and these are specifically brought forward as a part of the new Constitution. It can not reasonably be said that the local amendment was "in effect" at the time the new Constitution was

860

ratified by the people. Where simultaneous action is taken, neither precedes the other, and neither action is "in effect" when the other is consummated. It seems, therefore, that any new simultaneous constitutional provision not embodied in the all-inclusive new Constitution, but depending for its validity as being made a part of the old Constitution, stood the risk of falling upon the ratification of the new Constitution, which destroyed the old and all of its amendments, except such as were specifically brought forward as a part of the new. Therefore it follows from what has been said that the local amendment to the old Constitution is not preserved either as a valid continuing part of the old Constitution—and therefore brought forward as a part of the new Constitution—or as a direct amendment to the new Constitution. Under the interpretation and construction here given, since it was made to appear that the bond election carried with a sufficient majority to meet the requirements of article VII, section VII, paragraph I, of the Constitution of 1945, it was not error for the lower court to enter an order and judgment validating said bonds.

*Judgment affirmed. All the Justices concur.*