BIBB COUNTY *v.* GARRETT, Solicitor-General, et al.; GARRETT, Solicitor-General, et al. *v.* BIBB COUNTY, *et al.*

Nos. 16438, 16444. JANUARY 12, 1949. REHEARING DENIED FEBRUARY 17, 1949.

*Ellsworth Hall Jr.*, for plaintiff.

*Harry S. Strozier*, for defendants.

HAWKINS, Justice. (After stating the foregoing facts.) The questions presented by the record in this case are such, and the briefs of counsel for both sides so ably present their respective contentions, with the citation of many authorities, that much time and space might be consumed in a discussion thereof, but the opinion rendered by the learned trial judge is so clearly in accord with the rulings of this court in the cases which he has cited as to render further elaboration unnecessary, and we content ourselves with adopting the following portion of his opinion as our own:

(1) "Petitioner relies in the first instance upon an amendment to the Constitution of Georgia proposed by a resolution of the General Assembly (Ga. L. 1945, p. 106), and 'duly adopted and ratified at the General Election held August 7, 1945, . . by the requisite majority both in the State at large and in the area and jurisdiction affected by it.'

"This amendment was proposed and offered as 'An act to amend paragraph II of section VI of article VII of the Consti-

tution of the State of Georgia of 1877 . . and as the same has heretofore been amended, revised, and changed, and as the same may contemporaneously with the adoption of this amendment or hereafter be amended, revised, and changed, and however and wherever said described section may appear in such amendment, change or revision . .'

" 'The instrument as contained in Ga. L. 1945, pp. 8 to 89 inclusive, is not an amendment to the Constitution of 1877; but on the contrary it is a completely revised or new Constitution.' *Wheeler* v. *Board of Trustees of Fargo Consolidated School District,* 200 *Ga.* 323, 330 (37 S. E. 2d, 322).

"Notwithstanding the manifest effort to have the amendment set out in Ga. L. 1945, p. 106, attach to the existent Constitution of the State as it 'has been, . . may contemporaneously with the adoption of this amendment, or hereafter be amended, revised, and changed, and however and wherever said described section may appear,' it appears that this contention of the petitioner has been controlled adversely by decisions of the Supreme Court of Georgia. *Alexander* v. *Fulton County,* 201 *Ga.* 857 (41 S. E. 2d, 423); *Fulton County* v. *Lockhart,* 202 *Ga.* 878 (45 S. E. 2d, 220).

"Since the amendment relied upon under the authorities could not be valid and effective either as attaching to the old which was replaced by the new, or as attaching to the new which was adopted contemporaneously with the adoption of the amendment, then even a patent effort to make it so would not effectuate that purpose. . . It is held that the so-called constitutional amendment as it appears in Ga. L. 1945, p. 106, is ineffective and of no force.

(2) "The legislature adopted an act (Ga. L. 1946, p. 237), providing: 'The County Board of Commissioners for the County of Bibb is vested with full power and authority, in its discretion, to inaugurate, constitute, and administer, and from time to time change by resolution or resolutions, pension and/or insurance provisions and benefits for all or any of the officers and employees of the County of Bibb, with the power and authority to classify or group such officers and employees and to grant or withhold such benefits to and from any such group or classification. Said Board is further granted the power and authority

to prescribe, and from time to time change rules, regulations, conditions, and standards for the grant of said pension and/or insurance benefits. Said Board is granted the power and authority to finance the payment of any or all of said pensions and/or benefits by ad valorem taxation and/or County and Officer-Employee contributions. Said Board is authorized to do any and all other acts consistent with these powers and necessary to effectuate the purpose hereof.'

"It is contended by defendants that the foregoing act is without constitutional authority, an unlawful delegation by the legislature of legislative authority, and further that the act was repealed by a valid subsequent act prior to the vesting of any rights thereunder.

"The petitioner relies not only on the attempted constitutional amendment treated in division one of this opinion, but also on the constitutional provision (Code, § 2-5701, paragraph 1, subsection 15) which provides: 'The General Assembly shall not have power to delegate to any county the right to levy a tax for any purpose, except: 15. To provide for workmen's compensation and retirement or pension funds for officers and employees.'

"The statutory provision pursuant to this constitutional provision appears as Code, § 92-3701 (Ga. L. 1946, p. 87), the terms of this act closely following the constitutional provision quoted. Petitioner further relies upon par. I, sec XVII, art. VI of the Constitution (Code, § 2-5201), providing: 'The General Assembly shall have power to provide for the creation of County Commissioners in such counties as may require them, and to define their duties.'

"The constitutional prohibition relied upon by defendants is implicit in paragraph I, section I, article III (Code, § 2-1301), which provides: 'The legislative power of the State shall be vested in a General Assembly which shall consist of a Senate and House of Representatives.'

"It is probably true that construing the constitutional provisions quoted in pari materia and with the provision sought to be made constitutional, discussed in division one of this opinion, the General Assembly would have been constitutionally authorized to so delegate its legislative authority as attempted in the act relied upon (Ga. L. 1946, p. 237). Without the benefit

of the constitutional authority sought to be obtained by that attempted amendment, it appears that the act (Ga. L. 1946, p. 237) is an unwarranted delegation of legislative authority and invalid.

"Weighing against petitioner's reliance on the vesting in the commissioners authority to tax by the Constitution serving further to authorize delegation of the power to legislate to effectuate those purposes, is the fact that each of the other specifically named purposes for which they are authorized to tax serves as the specific subject for detailed legislation by the General Assembly controlling and regulating with uniformity the effectuation of those purposes.

"With reference to the constitutional power to create commissioners and define their duties, this would not serve in any wise or manner to abrogate the inhibition against delegation of legislative authority. By analogy the General Assembly may be constitutionally authorized to set up and create various State boards, departments, bureaus and the like, but with uniformity it has been held that this authority standing alone will not permit the General Assembly to delegate its legislative authority to such lawfully constituted authorities. *Moseley* v. *Garrett*, 182 *Ga.* 810 (187 S. E. 20) ; *Long* v. *State*, 202 *Ga.* 235 (42 S. E. 2d, 729).

"It may be said that the prohibition against delegation of legislative powers does not preclude the General Assembly from vesting in some other authority the administrative power to regulate and control. 'The difference between the power to pass a law and the power to adopt rules and regulations to carry into effect a law already passed is apparent and strikingly great; and this we understand to be the distinction recognized by all of the courts as the true rule in determining whether or not in such cases a legislative power is granted. The former would be unconstitutional, whilst the latter would not.' *Ga. R.* v. *Smith*, 70 *Ga.* 694; *Richter* v. *Chatham County*, 146 *Ga.* 218 (91 S. E. 35).

"Measured by this rule, the act (Ga. L. 1946, p. 237) did not attempt to convey power to 'adopt rules and regulations to carry into effect a law . . .' but, on the contrary, by its own terms undertook to vest in the board 'full power and authority, *in its discretion*, to *inaugurate, constitute*, and administer . . pension and/or insurance provisions and benefits. . .'

"The act of the General Assembly (Ga. L. 1946, p. 237) was therefore an unwarranted and unconstitutional attempt to delegate its legislative authority and is invalid."

The request of counsel for the plaintiff that the case of *Wheeler v. Board of Trustees of Fargo Consolidated School District,* supra, be reviewed and overruled is denied.

Since, under the above rulings, the pension program sought to be instituted by the plaintiff is held to be invalid, it becomes unnecessary for this court to consider and pass upon the other rulings made by the trial court as to what persons may be included in and covered by it, or as to the validity of the repealing act of 1947 (Ga. L. 1947, p. 674).

*Judgment affirmed on the main bill of exceptions; and cross-bill dismissed.   All the Justices concur.*