38685. STATE OF GEORGIA v. CHATHAM COUNTY *et al.*

DECIDED MARCH 3, 1961—REHEARING DENIED MARCH 17, 1961.

392

Eugene Cook, Attorney-General, Carter Goode, Assistant Attorney-General, A. J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, for plaintiff in error.

Findley, Shea, Friedman, Gannam, Head & Buchsbaum, James E. Findley, Bart E. Shea, John J. Bouhan, George W. Williams, John W. Sognier, contra.

JORDAN, Judge. 1. Code Ann. § 87-301 provides: "When any county, municipality, or political division, desiring to incur any bonded debt, as prescribed in Paragraphs I, II, and III of Section VII, Article VII of the Constitution (§§ 2-6001 to 2-6003) shall hold an election in accordance with the provisions of the Constitution and laws of this State controlling and regulating such elections, and the returns of such election shall show prima facie that such election is in favor of the issuance of said bonds, the officer or officers of such county, municipality, or political division charged by law with the duty of declaring the result of said election, shall, within six months after so declaring the result of said election, notify the solicitor-general of the judicial circuit in which such county, municipality, or political division shall be, in writing, of the fact that an election was held and that the election was in favor of the issuance of such bonds. The service of such notice shall be personal upon the solicitor-general, but in the event he is absent from the circuit, it shall be served in person upon the Attorney-General." It was the contention of the intervenor that the Superior Court of Chatham County did not have jurisdiction to validate the bonds

in question since the mandatory provisions of this section had not been complied with in that the required statutory notice of the results of the election of 1952 had not been given to the solicitor-general by the proper authorities within six months of the election. While the provisions of this section are mandatory and must be strictly complied with (see *Roff v. Town of Calhoun*, 110 Ga. 806, 36 S. E. 214), the fallacy in the intervenor's contention is simply this: the election of 1952 was not a bond election to incur bonded indebtedness under Art. VII, Sec. VII, Par. I of the Constitution (*Code* § 2-6001) but was an election for the ratification of an amendment to this provision of the Constitution. The amendment thus became a part of the Constitution itself and expressly authorized the Commissioners of Chatham County to issue the bonds in question by a resolution of that body. The amendment did not purport to limit the time in which the authority thus granted could be exercised by the commissioners and we know of nothing which would prevent the commissioners from waiting eight years as was done to authorize the issuance of the bonds in question. Accordingly, since the petition alleged that the resolution of the commissioners authorizing the issuance of the bonds was passed on October 6, 1960, and that personal notice of same was given to the solicitor-general on October 13, 1960, and the instant proceedings were instituted on that date, the trial court erred in its order of October 31, 1960, in ruling that the court was without jurisdiction in the matter because of the alleged non-compliance with the terms of *Code Ann.* § 87-301.

2. Since the allegations of the petition disclose that the proceeds from the sale of the bonds would be used for the purpose of constructing the roadway known as President Street Extension for Savannah Beach Expressway and Spur to Savannah Beach, Tybee Island, Georgia; and since the exhibits attached to the petition disclose that the said President Street Extension would constitute 3.2 miles of a new road, the remainder of which would be constructed by the State Highway Department of Georgia and would connect with the existing road to Tybee Island, known as Ga. 26 and U. S. 80, at a point approximately 500 yards west of the Bull River Bridge, the trial court erred

in ruling that the pleadings show that the proceeds from the sale of the bonds would not be used for the purpose authorized in the amendment to Art. VII, Sec. VII, Par. I of the Constitution which was ratified in the election of 1952. See *Gracen v. Mayor &c. of Savannah*, 142 Ga. 141 (3) (82 S. E. 453).

Accordingly, the judgment of the court below, granting the intervenor's motion to dismiss the proceedings and dismissing the same, must be reversed.

*Judgment reversed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*